UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DELMAR FINANCIAL COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:18CV00208 AGF |
| ) | |
| v. ) | |
| ) | |
| OCWEN LOAN SERVICING, LLC, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion to dismiss (ECF No. 26) Defendant's counterclaim (ECF No. 23) for failure to state a claim pursuant to Rule 12(b)(6) or, alternatively, for more definite statement pursuant to Rule 12(e). For the reasons set forth below, the motion will be denied.

## **BACKGROUND**

Plaintiff Delmar Financial Company (Delmar), a Missouri company, is a mortgage lender that originates loans and holds loan servicing rights. Defendant Ocwen Loan Servicing (Ocwen), a Delaware company, is a mortgage loan servicer with its principal place of business in Florida. In 2014, Delmar and Ocwen entered into a Subservicing Agreement, governed by New York law, under which Ocwen was to act as Delmar's subservicer, providing loan servicing support such as collecting payments from borrowers and remitting those payments to secondary market investors.

In December 2017, Delmar filed a lawsuit alleging that Ocwen had breached the Agreement by failing to perform in numerous respects.[1] Specifically, Delmar claims that Ocwen, failed to initiate timely foreclosures, used an inadequate service platform, violated regulatory rules, and committed a variety of other operational errors that caused Delmar to incur losses. In April 2018, Delmar notified Ocwen of its intent to terminate the Agreement for cause. Ocwen then filed a counterclaim alleging that Delmar breached the Agreement by refusing to reimburse Ocwen for certain costs and expenses incurred by Ocwen in its performance of services.

The Agreement entitles Ocwen to obtain payment for its costs and expenses either by withdrawing funds from certain custodial accounts or, if funds cannot be withdrawn from those accounts, then by invoicing Delmar, with payment due 10 days thereafter. Ocwen pleads that Delmar has failed to pay Ocwen for: (1) actual and unreimbursed servicing advances and expenses owed to Ocwen on at least three loans; (2) legal expenses, costs, and losses incurred by Ocwen in defending its servicing actions against a lawsuit brought by a borrower; and (3) expenses incurred by Ocwen in connection with the return of funds to HUD upon re-conveyance on at least two loans. Ocwen further pleads that Delmar's termination of the Agreement reflects its intent not to pay. In response, Delmar filed the present motion seeking dismissal of the counterclaim under Rule 12(b)(c) or, alternatively, a more definite statement under Rule 12(e).

---

[1] Delmar's original petition also asserted theories of breach of implied duty of good faith and fair dealing (count II) and negligence (count III). This Court granted Ocwen's motion to dismiss those counts. ECF No. 18. Only count I for breach of contract remains.

## ARGUMENTS OF THE PARTIES

In support of its motion to dismiss, Delmar characterizes Ocwen's claim as one of anticipatory breach seeking speculative damages based on Ocwen's faulty assumption that Delmar will not reimburse Ocwen for expenses owed under the Agreement. Alternatively, Delmar submits that Ocwen's factual allegations are too vague and ambiguous to satisfy Rule 8 pleading requirements.

In response, Ocwen counters that it has sufficiently alleged damages in two forms. First, it seeks damages resulting from Delmar's breach of contractual obligations where the time for performance has already passed. These damages, Ocwen claims, are not speculative, but real and present. Second, Ocwen argues that, under New York law, Delmar's wrongful repudiation of the Agreement constitutes an anticipatory breach entitling Ocwen to claim damages as if there had been a total breach. As to definiteness, Ocwen insists that its pleadings are sufficient for purposes of Rule 8 and that further detail will develop in discovery.

In reply, Delmar argues that (1) Ocwen's damages cannot be real and present because Ocwen did not specifically plead that it invoiced Delmar for the amounts in question and (2) Delmar did not anticipatorily repudiate the Agreement but rather terminated it for cause, as was its right.

**DISCUSSION**

**Rule 12(b)(6) - Ocwen's pleadings are sufficient.**

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679. The court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). But "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

To state a claim for breach of contract under New York law, "a plaintiff must plead and prove: (1) the existence of a contract; (2) a breach of that contract; and (3) damages resulting from the breach." *House of Europe Funding I, Ltd. v. Wells Fargo Bank, N.A.*, No. 13 CIV. 519 RJS, 2014 WL 1383703, at *10 (S.D.N.Y. Mar. 31, 2014) *citing Nat'l Mkt. Share, Inc. v. Sterling Nat'l Bank*, 392 F.3d 520, 525 (2d Cir. 2004). In its motion to dismiss, Delmar contends that Ocwen has failed to plead sufficient facts with respect to damages. To satisfy the damages prong, a party must "come forward with evidence sufficient to demonstrate damages flowing from the breach alleged" and may not rely "on wholly speculative theories of damages." *Lexington 360 Assocs. v. First*

*Union Nat'l Bank of N.C.*, 234 A.D. 2d 187, 190 (N.Y. App. Div. 1996). Delmar argues that Ocwen merely alleges speculative damages from anticipatory breach.

Accepting as true the facts alleged in the counterclaim, the Court finds that Ocwen has sufficiently pleaded damages to state a claim for breach of contract. First, Ocwen alleges actual damages in the form of various reimbursable costs and expenses already incurred in performance of its obligations under the Agreement. Second, and again according to Ocwen's version of the facts, namely that Delmar repudiated the Agreement, Ocwen has sufficiently pleaded an anticipatory breach from which similar ascertainable damages would flow. Delmar acknowledges that "wrongful repudiation of the contract by one party before the time for performance entitles the nonrepudiating party to immediately claim damages for a total breach." *Princes Point LLC v. Muss Dev. L.L.C.*, 87 N.E.3d 121, 133 (N.Y. 2017). Delmar's defense of rightful termination (for cause) raises a factual dispute that is premature at this stage.

Delmar also attacks the counterclaim insofar as Ocwen failed to specifically plead that it invoiced Delmar for amounts owed before considering them unpaid. While Delmar raised the absence of a demand in its motion for a more definite statement, it asserts this issue under Rule 12(b)(6) for the first time in its reply. As such, Ocwen has not had the opportunity to respond applying dismissal standards. This is why, "as a general rule, courts will not consider arguments raised for the first time in a reply." *Green v. Missouri*, 734 F. Supp. 2d 814, 848 (E.D. Mo. 2010). Even reaching the merits, Delmar's invoice theory goes to the factual dispute whether it breached the Agreement,

5

not whether damages would exist if it did.[2] Delmar challenges the pleadings only as to damages, and the Court finds them sufficient to survive a 12(b)(6) motion.

**Rule 12(e) - Ocwen's pleadings are sufficiently definite.**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Together these rules permit the court and the litigants to know, at the pleading stage, who is being sued and the grounds for same, thereby facilitating the just, speedy, and inexpensive determination of the action." *Bay Industries, Inc. v. Tru–Arx Mfg., LLC*, No. 06–C–1010, 2006 WL 3469599, at *1 (E.D. Wis. Nov. 29, 2006). "Because of liberal notice pleading and the availability of extensive discovery, motions for a more definite statement are universally disfavored." *McCoy v. St. Louis Public Schools*, 4:11CV918 CDP, 2011 WL 4857931, at *2 (E.D. Mo. Oct. 13, 2011). "Rule 12(e) is not designed to remedy an alleged lack of detail" but simply "intended to serve as a means to remedy unintelligible pleadings." *Boswell v. Panera Bread Co.*, 91 F. Supp. 3d 1141, 1144 (E.D. Mo. 2015). "The only question is whether it is possible to frame a response to the pleading." *Id*.

---

[2] The Court finds unpersuasive Delmar's suggestion that Ocwen's counterclaim could have been avoided if only Ocwen had sent a bill. Even accepting this tenuous premise, Ocwen's allegation that Delmar "has refused to reimburse" Ocwen invites a reasonable inference that Ocwen sought the amounts owed. The specific facts can be explored in discovery.

Mindful of these principles, the Court finds Delmar's Rule 12(e) motion unavailing.  Ocwen's pleadings are not unintelligible, and, under foregoing precedent, Delmar's contention merely that Ocwen's pleadings lack sufficient detail does not constitute a basis for relief.  Moreover, Ocwen's lack of specificity with respect to individual loans has not impeded Delmar's ability to respond to the merits of Ocwen's claim, as evidenced by the substantive arguments set forth in Delmar's present motion and reply.  Further factual particulars can be ascertained through discovery.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to dismiss Defendant's counterclaim or, in the alternative, motion for a more definite statement is **DENIED**. ECF No. 26.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 21st day of September, 2018.